FILED

JAN 15 2016

**USDC WP SDNY**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

Jane Doe,

Plaintiff,

-against-

John Doe,

Defendant.

------------------------------------X

**JURY TRIAL DEMANDED**

Docket No.
16-cv-_____

JUDGE ROMAN

**COMPLAINT**

16 CV 00332

Plaintiff Jane Doe ("Plaintiff") by her attorneys McLaughlin & Stern, LLP, as and for her complaint against the Defendant John Doe ("Doe"), alleges the following:

1. This is a diversity action seeking redress against the Defendant.  The Defendant previously pled guilty to the crimes underlying this civil action.  Plaintiff is the victim of said crimes.

2. The Defendant's criminal conduct caused severe emotional distress to the Plaintiff.  Without her knowledge or consent, Defendant videotaped Plaintiff engaging in sexual activity and then posted the video publicly onto the Internet for the world to see.  To date, the video has generated more than 13,000 views causing Plaintiff severe anguish, embarrassment, humiliation and emotional distress.

1

### JURISDICTION AND VENUE

3. This Court has jurisdiction over the action pursuant to 28 U.S.C. §1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

4. Venue properly lies in this judicial district pursuant to 28 U.S.C. 1391(b) because the defendant resides in Westchester County, New York.

### PARTIES

5. Plaintiff is a citizen of the State of Vermont.

6. Defendant is a citizen of the State of New York.

### STATEMENT OF FACTS

7. Plaintiff began dating Defendant in or around April 2013.

8. During the course of their relationship, Defendant asked Plaintiff to make a sex tape with him but Plaintiff informed Defendant that she had no interest in doing so.

9. Several months later, in or around November 2013, Defendant secretly videotaped a sexual encounter with Plaintiff.

10. Plaintiff was neither aware of nor consented to Defendant taping their sexual activity.

11. Unbeknownst to Plaintiff, Defendant placed his laptop computer on his desk facing the bed.

12. The laptop computer had a camera in it and recorded the sexual encounter between the parties.

13. While Plaintiff was in the bathroom, Defendant secretly angled the laptop on his desk, turned on the camera therein, and then "winked" at the camera.

14. On February 11, 2014, Defendant uploaded the video of his sexual encounter with the Plaintiff which had a runtime of 13 minutes and 27 seconds onto a publicly available pornographic Internet website without Plaintiff's knowledge or consent. Defendant named the video "Fucking my gorgeous girlfriend". The video received no less than 13,832 views.

15. Defendant invited people to watch the video without Plaintiff's knowledge or consent. He also sent a link to the video to his "friends" on another pornographic public Internet website without Plaintiff's knowledge of consent.

16. On or about February 13, 2014, Defendant's left his laptop in the apartment and Plaintiff, for the first time, saw the video that he secretly recorded and uploaded.

17. Plaintiff moved out of Defendant's apartment that day within two hours of seeing the video for the first time.

3

18. Defendant then engaged counsel and attempted to settle his misconduct with the Plaintiff.

19. After an investigation by the New York County District Attorney's Office, as well as the New York City Police Department, the Defendant was arrested on September 9, 2014 and charged with violating the New York State Penal law by unlawfully videotaping Plaintiff and distributing same.

20. The Defendant was indicted and, on May 12, 2015, pled guilty in open court to two felony counts -- unlawful surveillance in the second degree in violation of Penal Law Section 250.45(1) and dissemination of an unlawful surveillance in the first degree in violation of Penal Law Section 250.60(2).

21. After pleading guilty to the elements of each offense, Defendant, under oath, stated that he "posted the unlawful recording on the internet pornography site; permitted others to review the recording.  I have been told per screen shot of the site indicated 13,000 hits.  I do not know if that was accurate. My girlfriend at the time did not know that I was recording such activities, and she did not consent to - sexual consent to the dissemination of recording."

22. Defendant, on the record, agreed with the Assistant District Attorney that "in addition to uploading to pornographic

4

site where it had more than 13,000 hits, the defendant also sent links to that site to, at least, three people".

23. Defendant admitted his tortious and criminal conduct in open court and was later sentenced by the trial judge.

## FIRST CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

24. Plaintiff repeats and realleges each and every allegation above as if set forth in full herein.

25. Defendant's conduct against the Plaintiff was extreme and outrageous.

26. Defendant intentionally disregarded Plaintiff's refusal to videotape their sexual activity and in an effort to intentionally cause her severe emotional distress, videotaped their sexual encounter, invited people to watch it with him, sent links of the video to third parties, and posted the video online for the public to watch which generated more than 13,000 views.

27. Despite knowing that Plaintiff did not want to videotape their sexual activity, Defendant secretly did so and then posted it online and sent it to third parties with malice.

28. Defendant intentionally sought to harm and inflict emotional distress on the Plaintiff by unlawfully filming and

5

publishing their sexual encounter.

29.  As a result of Defendant's actions, Plaintiff suffered severe emotional injuries including, *inter alia,* embarrassment, humiliation, stress, anxiety, anguish, and the inability to sleep or eat for weeks.

## SECOND CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

30. Plaintiff repeats and realleges each and every allegation above as if set forth in full herein.

31. Defendant's conduct against the Plaintiff was extreme and outrageous.

32. Defendant disregarded Plaintiff's refusal to videotape their sexual activity and negligently caused her severe emotional distress.

33. Despite knowing that Plaintiff did not want to videotape their sexual activity, Defendant secretly did so and then posted it online and sent it to third parties.

34. Defendant caused emotional distress to the Plaintiff by unlawfully filming and publishing their sexual encounter.

35.  As a result of Defendant's actions, Plaintiff suffered severe emotional injuries including, *inter alia,* embarrassment, humiliation, stress, anxiety, anguish, and the inability to

sleep or eat for weeks.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff requests the following relief:

1. On the First Cause of Action, an award of compensatory damages in the sum of no less than $250,000, costs and disbursements, plus punitive damages in the sum of no less than $250,000;

2. On the Second Cause of Action, an award of compensatory damages in the sum of no less than $250,000, plus costs and disbursements; and

3. On all causes of action, that this Court order any further relief that it deems just and appropriate.

<u>JURY DEMAND</u>

Plaintiff, pursuant to Federal Rule of Civil Procedure 38, demands a trial by jury.

Dated:   New York, New York
         January 13, 2016

McLAUGHLIN & STERN, LLP

By: _____
Alan E. Sash
260 Madison Avenue
New York, NY 10016
(212) 448-1100
*Attorneys for Plaintiff*

7